UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DRAKE NEWTON,

        Petitioner,

v.                                    CAUSE NO. 3:18-CV-778-DRL-MGG

WARDEN,

        Respondent.

OPINION AND ORDER

Drake Newton, a prisoner without a lawyer, filed a *habeas corpus* petition challenging a disciplinary hearing (NCF 17-12-0095) where a Disciplinary Hearing Officer (DHO) found him guilty of Fleeing in violation of Indiana Department of Correction (IDOC) offense B-235. As a result, he was sanctioned with a loss of 90 days earned credit time and a demotion in credit earning class.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the factfinder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Newton's charge stems from an allegation that, on December 22, 2017, Mr. Newton refused to stop when ordered to do so by Case Manager Dunn, instead running to the restroom where he flushed something down the toilet. He states two separate grounds in his petition. He argues that his due process rights were violated because he asked that a statement be obtained from the "L" dorm

officer, but his request was denied. In his second ground, Mr. Newton argues that his due process rights were violated because he asked for video surveillance, and he was provided with a summary stating that the available video did not show him fleeing, but the summary did not explain what was shown on the video.

Here, the Conduct Report charged Mr. Newton as follows:

> On the above date and time[,] I[,] case manager Dunn[,] was pat searching offenders when Newton #902726 ran past me. He proceeded to run down the stairs as I gave multiple orders to stop and Newton refused[,] running toward L1 Lower restroom. Newton at no time complied with orders to stop. Newton proceeded to the L-1 lower restroom[,] flushed the toilet and turned around and said 'you got me the phone['s] on the floor.' Newton was advised he would receive conduct for this incident.

ECF 9-1. Mr. Newton was charged with violating IDOC B-235, which prohibits "[f]leeing or physically resisting a staff member in the performance of his/her duty." ECF 9-11 at 7. Mr. Newton asked to call two witnesses: Chris Collins and Monroe Daniels.[1] ECF 9-2. He also asked that camera footage of the L1 lower day room be reviewed for the day of the incident between 8:30 a.m. and 9:00 a.m.

Statements were obtained from both Monroe Daniels and Chris Collins. Monroe Daniels indicated that he did not see anything. ECF 9-4. Chris Collins provided the following statement:

> I was asleep when I felt a bump & heard someone talking about titties and a playboy[.] Dunn said where did you get a playboy and Drake said It came with him & his property & he walked off saying he was going to get his Inventory sheet.

ECF 9-5. The video was reviewed by the DHO, as requested, but it was deemed inconclusive. ECF 9-7. Mr. Newton was found guilty. ECF 9-6.

---

[1] While Mr. Newton indicates in his petition that he asked for a statement from the L dorm officer that was working during the incident at screening and at his hearing, the signed screening order does not reflect that he made this request. ECF 1 at 2; ECF 9-2.

Mr. Newton appealed this finding. On appeal, he argued that he is innocent because he did not flee, that his sanction was too harsh, and that he is prejudiced by the unavailability of the video, which would have proved him innocent. ECF 9-8.

Respondent argues that Mr. Newton's first ground was procedurally defaulted because Mr. Newton did not raise it in his administrative appeals. ECF 9 at 5-6. In *habeas corpus* proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(I)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). In his administrative appeal, Mr. Newton makes no reference to being denied a witness that he requested. ECF 9-8; ECF 9-9; ECF 9-10. Furthermore, Mr. Newton has not demonstrated cause and prejudice for his procedural default. *See Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013).[2] Thus, he has procedurally defaulted on this ground.

In Mr. Newton's second ground, he argues that he was denied an adequate summary of the video. He was told only that it was inconclusive, but he was not provided with a description of what is shown on the video. While Mr. Newton had a right to request evidence in his defense, *see Wolff*, 418 U.S. at 566, he did not necessarily have a right to personally review that evidence or even a summary

---

[2] Mr. Newton did not file a traverse, despite being advised that he could do so. ECF 9 at 11.

3

of that evidence. *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public"). Here, the court has reviewed the available video footage of the area where the incident occurred and finds it appropriately withheld from Mr. Newton because the information could pose a security threat. Additionally, the video does not contain any exculpatory evidence. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence). Exculpatory in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Because the DHO reviewed the available video footage and it was not exculpatory, there was no violation of Mr. Newton's due process rights. *White*, 266 F.3d at 767. Therefore, the denial of video evidence or inadequate summary of video evidence is not a basis for granting *habeas corpus* relief.

If Mr. Newton wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). He may not proceed *in forma pauperis* on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Drake Newton's petition for writ of *habeas corpus* is DENIED. The clerk is DIRECTED to close the case.

SO ORDERED.

February 3, 2020                                *s/ Damon R. Leichty*
                                                Judge, United States District Court